## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

RICHARD M. SNELL,

       Plaintiff-Appellant,

v.                               No. CIV 97-387 BB/WWD

DAN GLICKMAN, Secretary of the
United States Department of Agriculture
for the United States of America,

       Defendant-Appellee.

## MEMORANDUM OPINION AND ORDER
## AFFIRMING ADMINISTRATIVE ORDER

THIS is an action for judicial review of an administrative decision by the Defendant U.S. Department of Agriculture ["Agriculture"] denying a crop insurance claim filed by Appellant, Richard Snell.  This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331 and the Administrative Procedures Act ["APA"], 5 U.S.C. §§ 701-706.  This action is to be treated as an appeal under the Federal Rules of Appellate Procedure.  *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579-80 (10th Cir. 1994).  The Court is persuaded the decision of the Department of Agriculture is supported by Findings of Fact which are not challenged, and that the appropriate law was correctly applied.  The decision will therefore be AFFIRMED.

## Facts

An evidentiary hearing was had below before a Government hearing officer who weighed the evidence and made Findings of Fact and Conclusions of Law. As indicated, her Findings of Fact are not contested. These Findings establish that Appellant has a dry land farm from which he harvested a wheat crop in 1994. Appellant then prepared to plant wheat on the land in August and September of 1994, but volunteer plants from the spring harvest had already provided ground cover on the land. Appellant decided if he planted wheat it would "blow out" before it had an opportunity to become a crop because the moisture level in the soil was too low to sustain the crop. Therefore, Appellant declined to plant a wheat crop in the Fall of 1994. Appellant's neighboring farmers planted their crops, but the crops indeed "blew out" before they matured.

Appellant applied to collect on his wheat insurance in February 1995. He argued he was entitled to the insurance since he was prevented from planting because the drought foredoomed the crop. On April 23, 1996, Appellant's claim for his 1995 wheat was denied by the Curry County Consolidated Farm Service Agency ["FSA"] in Clovis, New Mexico. On April 25, 1996, Appellant requested the Oklahoma City Regional Service Office ["RSO"] to reconsider the decision by the FSA.

On June 17, 1996, the RSO affirmed the decision of the FSA and informed Appellant of his right to seek mediation through the New Mexico mediation program and his appellate rights before the National Appeals Division. Appellant requested

2

mediation, however, no resolution was reached during the mediation and the mediator closed the case on October 4, 1996.  On October 7, 1996, Appellant filed an appeal which was heard on December 17, 1996, in Clovis, New Mexico.  During the hearing, Appellant testified that he could definitely have planted the wheat seed on his land, but that he chose not to because of his belief that the amount of sub-soil moisture was insufficient to sustain a wheat crop.  He therefore decided not to disturb the established ground cover, thereby protecting his land from wind erosion.

### Standard of Review

Under the APA, judicial review is generally limited to the administrative record and the agency decision is to be affirmed unless it is arbitrary, capricious, an abuse of discretion or contrary to law.  *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 413-14 (1971).  This standard demands considerable deference to the agency decision and presumes the validity of the agency action.  *Colorado Health Care Ass'n v. Colorado Dept. of Social Services*, 842 F.2d 1158, 1164 (10th Cir. 1988).  The party seeking review bears the burden of establishing the agency's decision fails to meet this standard.  *Park County Resource Council v. United States Dept. of Agric.*, 817 F.2d 609, 621 (10th Cir. 1987).

### Discussion

Appellant, a lawyer, writes a persuasive brief challenging the wisdom of a Government program which would permit, and even encourage, soil erosion.  Appellant essentially argues that good farming practices dictated no wheat crop be planted in the

Fall of 1994 due to inadequate soil moisture, and this was confirmed by the disastrous results of those who did plant a crop. Appellant concludes he should not be penalized for his sound resource management.

While Appellant's decision to conserve his top soil was recognized by the hearing examiner as an admirable one, this is irrelevant to the purpose of the crop insurance program. One classic definition of insurance is "[a]n agreement by which one party for a consideration promises to pay money or its equivalent or to do an act valuable to another party upon destruction, loss, or injury of something in which other party has an interest." BLACK'S LAW DICTIONARY 943 (4th ed. 1968), quoting *Commissioner of Banking & Ins. v. Community Health Serv.*, 30 A.2d 44, 46 (N.J.L. 1943). In the present case, Appellant has suffered no "destruction, loss or injury." He did not plant, and thus did not lose a crop. Far from being damaged, Appellant received benefit. By not planting a wheat crop in the Fall of 1994, Appellant did not experience the soil erosion and is therefore better off than his neighbors who suffered not just the loss of the crop, but the permanent diminution of their soil base. If Appellant's theory were logically correct, he should be paid under his auto insurance each time he chose not to drive on the icy roads where his neighbors were involved in auto accidents.

Since insurance is in fact a contract whereby one undertakes to indemnify another against loss, the contingency requiring payment is defined by the parties in the agreement. *United States v. Tilleraas*, 709 F.2d 1088, 1091 (6th Cir. 1983). Appellant's insurance contract expressly provided that:

You [the insured] must have been unable to plant the insured crop due to an insured cause of loss that is general in the area (i.e., most producers in the surrounding area are unable to plant due to similar insurable causes) and that occurs between the sales closing date and the latest final planting date for the insured crop in the county or within the late planting period.  (AR pp. 000007-14).[1]

The Hearing Officer concluded in prevented planting cases, the FSA must apply the following criteria: (1) inability to plant the insured crop with proper equipment within the specified time period, and (2) inability to plant the insured crop to an insured cause of loss that is general in the area.  This is a correct interpretation of the policy and regulations.

Appellant does not dispute that he was physically able to plant wheat and most of his neighbors did plant; perhaps to qualify for payments under the crop insurance program.  Appellant's Br. in Chief at 5.  He chose not to plant in order to conserve his top soil because he believed that the crops would be unsuccessful, or would "blow out" as his neighbors expressed it.  His prediction in fact proved true.  While Appellant benefitted from his wisdom by conserving his top soil, he has not shown that his foresight also entitles him to crop insurance payments under the terms of his contract.

---

[1]     This provision was taken verbatim from the regulations for the 1995 Small Grains Crop Insurance program at 7 C.F.R. § 457.101(1)(g).  The regulations adopting these provisions have the force and effect of law and are also binding on the insured. *Felder v. Federal Crop Ins. Corp.*, 146 F.2d 638 (4th Cir. 1944); *Scaife v. Federal Crop Ins. Corp.*, 167 F.2d 152 (8th Cir. 1948); *Roberts v. Federal Crop Ins. Corp.*, 158 F. Supp. 688 (E.D. Wash.), *aff'd*, 260 F.2d 958 (9th Cir. 1988).

## CONCLUSION

Based on purpose and express terms of Appellant's insurance policy, he is not entitled to recover.  Appellee's decision is therefore **AFFIRMED**.

**SO ORDERED.**


Dated at Albuquerque this $2^d$ day of July, 1998.


_____
BRUCE D. BLACK
United States District Judge


Counsel for Plaintiff-Appellant:
      Richard M. Snell, *Pro Se*, Clovis, NM
Counsel for Defendant-Appellee:
      John W. Zavitz, AUSA, Albuquerque, NM